IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| John C. Carrington and Deborah T. Carrington,<br>Plaintiffs,<br><br>v.<br><br>Mortgage Electronic Registration Systems, Inc. and IndyMac Bank, F.S.B.,<br>Defendants. | Civil Action No. 5:13-cv-00103-JMC<br><br>**OPINION AND ORDER** |

This matter is before the court on Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss ("Motion")[1], [Dkt. No. 4], John C. Carrington and Deborah C. Carrington's ("Plaintiffs") Complaint, [Dkt. No. 1]. For the reasons discussed below, the court grants the Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs brought the present action to quiet the title on their principal residence in Orangeburg County ("the Residence") on January 9, 2013. [Dkt. No. 1]. Plaintiffs executed and delivered a note and mortgage to IndyMac Bank, F.S.B. ("IndyMac"), granting a lien on the Residence. MERS' Memorandum in Support of Motion to Dismiss [Dkt. No. 4-1 at 2][2]. The mortgage, which confirms the obligations under the note, was filed and recorded in the public records of Orangeburg County. *Id.* Plaintiffs admit that they have not made any payments for at least a year. *Id.* Despite acknowledging having executed the instruments and failing to make payments, Plaintiffs contend that the loan and mortgage are not enforceable because Defendants

---

[1] Although Plaintiffs filed complaints against IndyMac and MERs, IndyMac did not join MERS in filing this Motion.
[2] In Plaintiffs' Memorandum in Support of Denial of MERS' Motion, [Dkt. No. 9-1 at 2], Plaintiffs have agreed with the facts as set forth in MERS' Memorandum in Support of Motion to Dismiss; therefore, for the purposes of this Motion, the court assumes that these facts are true.

cannot produce the original documents. [Dkt. No. 1]. Alternatively, Plaintiffs request that the court compel Defendants to foreclose on the subject property. *Id.* MERS counters that Plaintiffs' Complaint fails to state a claim on which relief can be granted because under South Carolina law, an original instrument need not be produced to permit foreclosure and because Plaintiffs cannot compel them to select and exercise a remedy. [Dkt. No. 4-1 at 2-3].

## STANDARD OF REVIEW

For a complaint to survive a motion to dismiss, the Federal Rules of Civil Procedure require that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts which are "merely consistent with a defendants' liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

Additionally, the Federal Rules of Civil Procedure set forth the appropriate form of pleadings and require a party to present its "claims or defenses in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." *Id.* The pleading requirements of Rule 8 and Rule 10 interact cohesively to enable the opposing party and the court to discern the nature and bases of the claims made. *See Cunningham v. LeGrand*, C.A. No. 2:11–cv–0142, 2011 WL 1807360, at * 2 (S.D.W. Va. May 10, 2011) (quoting *Fikes v. City of Daphne*, 79 F.3d 1079, 1082–83 (11th Cir. 1996)).

In evaluating a motion to dismiss, a plaintiff's well-pleaded allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## DISCUSSION

Strangely, Plaintiffs do not contest the fact that they owe money on the mortgage, or the amount that they owe. Rather, they argue that because Defendants[3] have not produced the original documents upon request, their liability for the debt has been extinguished. Plaintiffs

---

[3] For the purposes of this Motion, the court assumes that all Plaintiffs' factual allegations in the pleadings are true, in particular, that MERS is a proper Defendant. However, in their Motion, MERS asserts, without supporting evidence, that they are not a proper Defendant. The court need not resolve this factual dispute as Plaintiffs' claims are dismissed.

3

argue that Defendants' refusal or inability to produce these documents has created a cloud on the title and that Defendants cannot foreclose on the subject property without these documents. This argument is not compelling for several reasons. First, the purpose of producing these original documents in a foreclosure action is to verify the terms of the agreement—including how much money Plaintiffs owe, if any, and to whom they owe it. However, here, Plaintiffs do not contest that they owe money or the amount that they owe. Next, even if Plaintiffs did dispute their underlying debt, South Carolina law allows banks and lending institutions to copy promissory notes and records by digitizing them or other means. *See* S.C. Code § 34-3-540 (1998)[4]. These reproductions are considered original records for evidentiary purposes, even if the original documents have actually been discarded. *Id.* Finally, even if MERS no longer had the originals and had not copied them, other evidence of the documents' contents would be admissible. *See* Rule 1004, SCRE; *see also Windham v. Lloyd*, 172 S.E.2d 117 (S.C. 1970) (noting that if it was shown that the original document in a foreclosure action was lost, destroyed, or unavailable, the admission of secondary evidence was justified). Therefore, Plaintiffs' first count does not state a claim upon which relief can be granted because Defendants are not required to produce the original documents in a foreclosure action.

Alternatively, Plaintiffs request that the court compel Defendants to foreclose on the subject property. However, this is a baseless request. A mortgage creates a right, not a requirement, to foreclose if the debtor defaults. *See, e.g., Lever v. Lighting Galleries, Inc.*, 647 S.E.2d 214 (S.C. 2007); *see also U.S. Bank Trust Nat. Ass'n v. Bell*, 684 S.E.2d 199 (S.C. Ct. App. 2009). Additionally, the terms of the mortgage allowed the mortgagee to forbear the right to foreclosure without relinquishing it. [Dkt. 10-1]. Therefore, the mortgagee may choose to

---

[4] The court assumes without deciding that MERS is within the scope of this statute, and Plaintiffs have not alleged otherwise.

foreclose or not to foreclose on the subject property at any point before the applicable statute of limitations, S.C. Code § 15-3-520 (1988), has tolled.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** MERS' Motion to Dismiss, [Dkt. No. 4]. Plaintiffs' claims against Defendant Mortgage Electronic Registration Systems, Inc. are **DISMISSED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 10, 2013
Greenville, South Carolina

5